Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, California 90027
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

David S. Harris (SBN 215224)
NORTH BAY LAW GROUP
116 E. Blithedale Ave., Ste. 2
Mill Valley, California 94941-2024
Telephone: 415.388.8788
Facsimile: 415.388.8770
dsh@northbaylawgroup.com

Attorneys for Plaintiffs
Erick J. Blandino

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICK J. BLANDINO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>MCM CONSTRUCTION, INC., and DOES 1 to 20,<br><br>                    Defendant. | Case No. C 12-1729 WHO<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On March 5, 2014, the Court heard Plaintiff Erick J. Blandino's unopposed motion for final approval of the class action settlement, and for awards of attorney's fees, costs, and incentive payment, as set forth in the Settlement Agreement ("Settlement Agreement"), in the above-captioned action. In accordance with the Court's November 5, 2013, Order Granting Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of Settlement Class ("Preliminary Approval Order"), Class Members have been given notice of the terms of the Settlement Agreement and an opportunity to object to the Settlement Agreement, comment on it, participate in it, and exclude themselves from it. Having considered the Settlement Agreement, the papers submitted by the Parties in support of final approval of the Settlement Agreement, and the argument at the final approval hearing held on March 5, 2014, the Court **ORDERS** as follows**:**

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties and Class Members in this litigation.

3. The Court finds that certification of the following two classes for settlement purposes only is appropriate under Rule 23 of the Federal Rules of Civil Procedure:

   a. FLSA Collective Class: All persons who were employed as construction laborers in the United States by MCM Construction, Inc. ("MCM" or "Defendant") between March 5, 2009, and November 5, 2013.

   b. California Class: All current and former MCM non-exempt trade or craft employees who were employed within California between March 5, 2008, and November 5, 2013.

4. The Court finds that the Settlement Class meets the ascertainability, numerosity, commonality, and typicality requirements to justify certification and that resolution of this matter through a class action is superior to other available methods.

5. The Court finds that Plaintiff Erick J. Blandino ("Plaintiff") is an adequate class

representative and appoints him as such.

6. The Court finds that Class Counsel, Alan Harris and Priya Mohan, of Harris & Ruble, and David Harris, of the North Bay Law Group, have adequately represented the Settlement Class, and their appointment as Class Counsel is confirmed.

7. There are three requests for exclusion, the names of which have been disclosed to Defendant only.

## **FINAL APPROVAL OF NOTICE PROGRAM**

8. Pursuant to the Court's Preliminary Approval Order and based on the Plaintiff's representations, the form of Class Notice was mailed to Class Members by first class mail. The Notice informed Class Members of the terms of the Settlement Agreement, their opportunity to file claims to opt-out of the Settlement Class, to file written objections, and to appear in person or by counsel at the fairness hearing. The Court finds that these procedures afforded protections to Settlement Class Members and provided the basis for the Court to make an informed decision and approve the Settlement Agreement. The Court finds further that the Class Notice provided in this case was the best notice practicable and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process.

## **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

9. The Court has reviewed the Settlement Agreement and finds that the Settlement Agreement is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to class certification, liability, and damages. The Court finds further that extensive investigation, discovery, and research have been conducted such that counsel for all parties was able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs such as those that have already been incurred by the Parties and will avoid the delay and risks that would be presented by further prosecution of this lawsuit. The Court finds that the Settlement Agreement has been reached after intensive, serious, and non-collusive arm's-length negotiations.

10. The Court finds that no Settlement Class members objected to the Settlement.

11. Pursuant to the terms of the Settlement Agreement, in exchange for the Settlement Class

1  members' agreeing to release the Class Released Claims, Defendant is required to pay $865,000 under
2  the Settlement Agreement ("Gross Settlement Payment"), which is inclusive of the individual
3  settlement payments to Class Members who submitted valid Claim Forms, Defendant's portion of
4  payroll taxes, the incentive award to the Named Plaintiff, the awards of attorney's fees and costs to
5  Class Counsel, the reasonable expenses of the Claims Administrator and any payments made to the
6  California Labor and Workforce Development Agency ("LWDA").  Taking into account the (1) value
7  of the Settlement Agreement, (2) the risks inherent in continued litigation, (3) the extent of discovery
8  completed and the stage of litigation when Settlement was reached, (4) the complexity, expense, and
9  likely duration of the litigation in the absence of settlement, and (5) the experience and views of
10 counsel, the Court finds that the Settlement Agreement is fair, adequate, reasonable, and deserves this
11 Court's final approval.  The Court further finds that the Settlement Agreement was made in good faith,
12 negotiated at arm's length and represents the best interests of the Parties.  Accordingly, the Court orders
13 the Parties to consummate the settlement in accordance with the terms of the Settlement Agreement.

## DISMISSAL AND RELEASE

15 12. In accordance with the terms of the Settlement Agreement, this Action shall be dismissed
16 on the merits and with prejudice, with each party bearing its own costs, except as provided in the
17 Settlement Agreement.

18 13. By this Final Approval Order, in exchange for the consideration provided, Plaintiff and
19 each member of the Settlement Class who did not submit a valid Request for Exclusion will release
20 Defendant and each of Defendant's officers, directors, shareholders, investors, employees, agents,
21 direct and indirect subsidiaries or affiliated corporations, organizations, representatives, insurers,
22 predecessors, successors, assigns, clients (and their respective officers, directors, employees, agents,
23 managers, and fiduciaries), and counsel (collectively referred to as the "Released Parties") from any
24 and all state and federal wage-and-hour claims of every nature or description alleged in the operative
25 Complaint, or that could have been asserted based on the facts alleged in the Complaint up to and
26 including the date of the preliminary approval of this Settlement Agreement.  These released claims
27 include but are not limited to (i) the alleged failure to pay minimum wage and overtime in violation of
28 California Labor Code sections 510 and 1194, including alleged off-the-clock claims; (ii) the alleged

failure to timely pay wages in violation of California Labor Code section 203; (iii) the alleged failure to provide accurate pay stubs in violation of California Labor Code section 226; (iv) the alleged failure to maintain accurate payroll time records in violation California Labor Code section 1174 and Wage Order No. 16; (v) the alleged failure to provide adequate meal and rest periods in violation of California Labor Code section 226.7 and 512 and Wage Order No. 16; (vi) the alleged failure to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b); (vii) restitution and injunctive relief for illegal business practices pursuant to California Business & Professions Code section 17200, et seq.; and (viii) penalties under California's Private Attorneys General Act ("PAGA"), California Labor Code section 2698, et seq. (Collectively referred to as the "Class Released Claims"). This release also covers all claims for interest, attorney's fees and costs related to the Class Released Claims. Class Members who have not returned a claim form by the date of this Final Approval Order shall not share in the distribution of any part of the Gross Settlement Payment but nevertheless shall be bound by the release provisions of this Settlement Agreement. Additionally, all California Class Members who do not return a valid and timely Request for Exclusion Form and all FLSA Collective Class Members who return a FLSA claim form hereby - for themselves and for their heirs, representatives, attorneys, executors, administrators, successors, and assigns – release, acquit, and forever discharge the Released Parties from the Class Released Claims.

14. Without affecting the finality of the Final Approval Order, the Court reserves continuing and exclusive jurisdiction over the Parties and Class Members to administer, supervise, construe, and enforce the Settlement Agreement and this Final Approval Order in accordance with their terms for the mutual benefit of the Parties, and to modify the Final Approval Order as necessary.

## **ALLOCATION OF THE SETTLEMENT**

15. Because no objections have been filed to the Settlement Agreement, the Effective Date of the Settlement Agreement shall be the date of the Final Approval Order.

16. Defendant shall fund the Gross Settlement Payment in accordance with the terms set forth in the Settlement Agreement. All payments to Class Members, Class Counsel, the Claims Administrator, the Named Plaintiff, and the LWDA shall be made in accordance with the terms and payment schedule set forth in the Settlement Agreement.

17. The Court finds that Class Counsel, Alan Harris and Priya Mohan, of Harris & Ruble, and David Harris, of the North Bay Law Group, having conferred a benefit on Named Plaintiff and the Settlement Class Members and having expended efforts to secure compensation to the Settlement Class, are entitled to a fee. The Court has reviewed the billing and time records submitted by Class Counsel, has cross-checked them using the lodestar method and reasonable billing rates, and finds the fee requested to be reasonable. In accordance with the terms set forth in the Settlement Agreement, Class Counsel shall be paid a fee award of thirty percent of the Gross Settlement Payment, or $259,500, as well as Class Counsel's out-of-pocket costs and expenses of $12,842.32.

18. In accordance with the terms set forth in the Settlement Agreement, Named Plaintiff Erick J. Blandino shall be paid an Incentive Award of $5,000 from the Gross Settlement Payment.

19. The Court further approves that Rust Consulting, Inc., will administer the settlement pursuant to the terms set forth in the Settlement Agreement. Rust Consulting, Inc., shall be paid Claims Administration costs of $25,000 from the Gross Settlement Payment for its services rendered in administering the settlement, in accordance with the terms of the Settlement Agreement.

20. Except as stated in this Final Approval Order, all other terms of the Settlement Agreement will remain as stated in the Settlement Agreement and all accompanying documents and the orders of this Court.

21. The Court will retain jurisdiction for purposes of enforcing this Settlement Agreement, addressing settlement administration matters, and addressing such matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED.**

Dated: March 6, 2014

HON. WILLIAM H. ORRICK
United States District Judge